```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
OPERADORA de TIENDAS, S.A. WALMART,
                                                                    Case No.:  19 Civ.        (    )
                                    Plaintiff,
                                                                    VERIFIED COMPLAINT
        -against-

M/V SEABOARD ATLANTIC, her engines, boilers, etc.,
and SEABOARD MARINE LTD.,

                                    Defendants.
---------------------------------------------------------------x
```

Plaintiff, Operadora de Tiendas S.A. Walmart, ("Walmart"), by its attorneys **CARUSO GLYNN, LLC**, complaining of the Defendants, alleges upon information and belief, as follows:

### Parties

1.  Plaintiff, Walmart, is a corporation and/or business entity existing under and pursuant to foreign laws with an office and place of business located at 12 Calle Edificio Mol 1-28, Zona 9, Guatemala..

2.  Defendant, Seaboard Marine Ltd. ("Seaboard"), is a business entity and/or corporation existing under and pursuant to the laws of a state of the United States of America with an office and place of business at 8001 NW 79th Avenue, Miami, FL 33166.

### Jursidiction

3.  This Court has in personam jurisdiction over each of the captioned defendants who conduct business within the United States as a whole within the meaning of Rule 4(k)(2) of the Federal Rules of Civil Procedure, and were at all material times engaged in the business of carriage of cargo for hire and/or the provision of services related thereto, and/or were bailees or warehousemen.

4. Plaintiff seeks recovery for cargo loss and damage caused by defendants' breaches of contracts and torts.

5. In addition to claims for cargo loss or damage, there exist issues which constitute questions of insurance coverage under an Admiralty or Maritime contract of insurance and thereby come within the Admiralty and Maritime jurisdiction of the United States District Court, pursuant to Title 28 U.S.C. § 1333 *et seq*., and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court.

6. An actual controversy of a justiciable nature exists between plaintiff and defendants involving the rights and obligations under a marine contract of insurance and depending on the construction of said contract, the aforesaid controversy can be determined by a judgment of this Court, without further suit.

**Cause of Action**

7. On or about the dates and at the port of shipment stated in Schedule "A" attached hereto and by this reference made a part hereof, there was delivered to the vessel and plaintiff in good order and condition, the shipments described in Schedule "A", which said vessel and plaintiff received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule "A".

8. Thereafter, the said vessel and plaintiff delivered defendant's shipment, however not at the port of destination described in Schedule "A" and the aforesaid shipment was short, missing and/or damaged.

9. Said loss and damage was the result of defendants' wanton neglect, recklessness, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, rail operators, rail maintenance personnel, terminal operators, truck drivers, warehousemen, ground-handling agents, and employees failed to properly receive, handle, store, stow, carry, transfer, route, protect and care for the cargo and in that

defendants had no proper and effective procedures to receive, handle, store, stow, carry, transfer, route, protect and care for the cargo.

10. By reason of the premises, the above named vessel and plaintiff breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

11. Plaintiff was the shipper, consignee, owner, or underwriter of the shipment described in Schedule "A", and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and defendant is entitled to maintain this action.

12. Plaintiff has duly performed all duties and obligations on its part to be performed.

13. By reason of the premises, plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $65,050.59.

WHEREFORE, plaintiff requests:

(a) That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

(b) That judgment may be entered in favor of Plaintiff against Defendants on the Cause of Action for the amount of $65,050.59;

(c) That this Court will grant to Plaintiff such other and further relief as may be just and proper, including an award of prejudgment interest and costs.

Dated: Little Neck, New York
November 5, 2019

>Yours, etc.,

**CARUSO GLYNN, LLC**
Attorneys for Plaintiff
*Operadora de Tiendas S.A. Walmart*

By: *Lawrence C. Glynn*
Lawrence C. Glynn
242-03 Northern Blvd.
Suite 201
Little Neck, New York 11362
(718) 570-3338
File No.:   42.092719.01

**Schedule A**

| | |
|---|---|
| Vessel: | M/V Seaboard Atlantic |
| Date of Shipment: | October 29, 2018 |
| Bill of Lading No.: | SMLU5446016A |
| Container No.: | SEGU9500794 |
| Shipper: | Seaboard Solutions Inc. |
| Consignee: | Operadora de Tiendas S.A. Walmart |
| Shipment: | General Department Store Merchandise (Ham, Cheese, Margarine, Lunchitas) |
| Nature of Claim: | Spoilage due to Reefer Container having been switched off; temperature deviation; heat damage; failure of cold protocol; food not safe for human consumption |
| Claim Amount: | $65,050.59 |

## ATTORNEY'S VERIFICATION

      Lawrence C. Glynn, under the penalties of perjury, hereby affirms that I am admitted to the practice of law in the State of New York and am a member of the law firm of Caruso Glynn, LLC, that I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge except as to matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true. The source of my information are file records and phone conversations with plaintiff. The reason this verification is made by deponent and not by plaintiff is because plaintiff does not reside within the County where its attorneys have an office.

Dated:  Little Neck, New York
         November 5, 2019

                                              Lawrence C. Glynn